**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1617
_____

HAMLET GARCIA II,
                                        Appellant

v.

ANGELICA M. CRUZ, A [Wo] Man, Acting as "Owner" for "Lady Tint LLC," et Alia
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00440)
District Judge: Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on August 1, 2025

Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: September 17, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Hamlet Garcia II appeals the District Court's denial of his recusal motion and reconsideration thereof, dismissal of his complaint, and denial of various motions. We will affirm the District Court's judgment.

I.

Garcia filed a civil action against Angelica Cruz in her capacity as owner of Lady Tint LLC, a car-window-tinting company. Garcia alleged a conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, see 15 U.S.C. § 1, as well as state law claims. According to the complaint, Garcia collaborated with Cruz to expand Lady Tint LLC. But Cruz "unlawfully appropriated [Garcia's] proprietary business methodologies and strategies," which "distorted the local market," and Cruz secured "an unfair edge that would not have been attainable absent [Garcia's] intellectual contributions." Eventually, Garcia started his own tinting business, but Cruz "continued to unlawfully retain [his] proprietary interests." Cruz also "orchestrated a scheme to defraud" Garcia, in which she authorized withdrawals for employees and contractors for work never performed, authorized payments not reflected in the payroll, made unauthorized transactions on Garcia's company credit card, and diverted equipment for her own personal use.

Shortly after filing the complaint, Garcia moved under 28 U.S.C. § 455 for the recusal or disqualification of the assigned District Judge. He asserted that the District Judge was politically motivated, and biased against him, as shown by the District Judge's

2

dismissal of his requests to be addressed as "Lord" or "King," determination in a different lawsuit that his claims were frivolous, and application of procedural rules. Garcia cited various rulings from other cases that he believed cast doubt on the District Judge's impartiality. The District Court denied the motion. It also denied Garcia's motion to proceed in forma pauperis (IFP), without prejudice, for lack of sufficient information.

Meanwhile, Garcia moved for reconsideration of the recusal motion and for relief from the judgment, filed another IFP application, and filed various other motions. The District Court declined to revisit the recusal issue, and it granted Garcia's IFP motion. It screened the complaint under 28 U.S.C. § 1915(e)(2)(B), determining that Garcia failed to state a plausible federal antitrust claim. The District Court dismissed the antitrust claim with prejudice, reasoning that an amended pleading would be futile; dismissed the state law claims without prejudice for lack of subject matter jurisdiction; and denied Garcia's pending motions as moot. Garcia appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of the recusal and reconsideration motions for abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (recusal); Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021) (reconsideration); see also BLOM Bank SAL v. Honickman, 605 U.S. ___, 145 S. Ct. 1612, 1622 (2025) (citation

3

omitted) ("District courts' Rule 60(b) rulings are reviewed 'only for abuse of discretion.'"). We review the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and the decision to dismiss without granting leave to amend for abuse of discretion, LabMD Inc. v. Boback, 47 F.4th 164, 192 (3d Cir. 2022).

III.

The District Court did not abuse its discretion by denying the recusal motion. Garcia's motion offered no facts suggesting that the District Judge's "impartiality might reasonably be questioned," or that the District Judge had any "personal bias or prejudice" toward Garcia. See 28 U.S.C. § 455(a), (b)(1). Many of Garcia's concerns were based on the District Judge's prior rulings and applications of procedural requirements. But "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). And Garcia's dissatisfaction with the District Judge's word choice and "dismissive tone" did not establish bias sufficient to mandate recusal. See Liteky v. United States, 510 U.S. 540, 555–56 (1994). Further, Garcia offered no facts fairly suggesting that the District Judge was politically influenced in this matter. See United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating that a recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations").

4

Garcia argues that the District Court misstated the record, further supporting that the District Judge is biased against him. It appears that Garcia is referring to the District Court's note that Garcia did not submit a proper declaration under penalty of perjury with his IFP motion. But the District Court dismissed the IFP motion without prejudice, gave Garcia an opportunity to provide additional information, and ultimately granted the IFP motion. These facts do not reflect judicial bias, and no reasonable person would question the District Judge's impartiality based on this ruling. See In re Kensington Int'l Ltd., 368 F.3d 289, 301–02 (3d Cir. 2004).[1]

We also discern no error in the District Court's dismissal of Garcia's antitrust claim with prejudice. Garcia failed to plead sufficient facts demonstrating a conspiracy to restrain trade unreasonably in violation of the Sherman Act. See In re Baby Food Antitrust Litig., 166 F.3d 112, 117–18 (3d Cir. 1999). Notwithstanding Garcia's broad conclusion that Cruz's scheme distorted the market and significantly affected interstate commerce, Garcia's pleaded facts germane to his Sherman Act claim concerned only Cruz's business and his. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

---

[1] Following, the District Court did not abuse its discretion by denying Garcia's motion for reconsideration. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (providing that relief under Rule 59(e) is warranted only if the party seeks reconsideration based on an intervening change in controlling law, new evidence, or a clear error of law or fact). Additionally, Garcia failed to establish any basis for relief under Federal Rule of Civil Procedure 60(b).

5

not suffice."). He did not plead, plausibly or otherwise, that Cruz's conduct produced anti-competitive effects within the market as a whole. See Eichorn v. AT & T Corp., 248 F.3d 131, 148 (3d Cir. 2001).

Garcia takes issue with the District Court's denial of an opportunity to amend his complaint. But "[t]his is not a civil rights case, so the District Court was not obligated to grant leave to amend of its own accord." LabMD Inc., 47 F.4th at 192. Garcia did not move for leave to amend the complaint or submit a draft amended complaint. See id. The District Court had no "reason to believe that amendment would cure the identified defects," and therefore it did not abuse its discretion by dismissing without leave to amend. Id. In light of that dismissal, and the District Court's determination that it lacked subject matter jurisdiction over the state-law claims,[2] the District Court correctly determined that Garcia's remaining motions were moot.[3]

We will thus affirm the District Court's judgment. To the extent that Garcia seeks reimbursement for costs incurred on appeal, that request is denied.

---

[2] Garcia does not specifically challenge the without-prejudice dismissal of the state-law claims but, regardless, we discern no abuse of discretion in the District Court's decision not to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c).

[3] Garcia argues that the District Court erred by not addressing his motion requesting disability accommodations. In that motion, Garcia requested that the District Court "[p]rovide plain-language communications" and "[c]onfirm procedural directives in clear, direct terms." The District Court did not expressly rule on the motion. However, assuming the legitimacy of Garcia's accommodation requests, the record confirms that the District Court's manner of communication with Garcia was at all times consistent with those requests.

6